**Brad Alan MATHES, Plaintiff,**

**v.**

**HARRIS COUNTY, TEXAS, Defendant.**

**Civil Action No. H–98–4351.**

United States District Court,
S.D. Texas,
Houston Division.

May 11, 2000.

Elizabeth Trevino, Houston, TX, for Plaintiff.

Jay Aldis, Houston, TX, for Defendant.

Opinion on Liability

HUGHES, District Judge.

Brad Alan Mathes has a partially-formed left hand—an objective, visible physical limitation. His hand ends about two inches past his wrist with only small nodes for fingers. He does not have an opposed thumb nor prehensile function.

For eight years Mathes has worked as a civilian in the communications division of the Harris County Sheriff's Department. Two years ago, he decided that he would like to become a supervisor in that department. The county has a rule that only certified peace officers may work as supervisors.

To become certified so he would qualify for the promotion, Mathes registered for the police academy. In 1998, Mathes entered the academy's 19 week course. He passed physical agility, academics, and a majority of the practical skills. After 16

weeks, the academy dismissed him because—lacking full abilities with his left hand—he could not pass shooting with his left hand and subduing suspects. Because Mathes did not graduate from the academy, he may not become a certified peace officer; therefore, he does not qualify for a supervisor's position under the rules of the sheriff's department.

After going through the Equal Employment Opportunity Commission, Mathes filed this action under the Americans with Disabilities Act. He says that the county has violated the law because it refused to adjust its rules reasonably to accommodate his abnormal left hand and because its requirement of peace-officer certification is wholly unrelated to the duties of a communications supervisor.

The county has taken two antithetical positions: Mathes is not disabled, and Mathes is disabled. It says he is not disabled because he has a high batting average in amateur softball and managed to climb a wall at the academy. It says he is disabled because Mathes cannot use his left hand to fire a weapon or handcuff a resisting suspect.

Mathes does not consider himself to be disabled. He has overcome many of the obstacles of having a deficient left hand; however, the physical condition of his hand has prevented him from completing some of the tasks tested at the academy and from doing everyday activities like putting toothpaste on his toothbrush or opening a jar. This constitutes a quintessential disability under the law because having five fingers instead of ten is a meaningful, objective impairment. Lacking one functional hand is similar to being deaf; one can survive without the sense but only by making significant lifestyle adaptations.

For eight years, Mathes has ably performed the duties required of a communications worker despite his not having a left hand and despite being a civilian. He has worked in the same room with the same people doing the same work. Mathes has adapted himself to the workplace and now confronts not a physical barrier but a legislative one—the certification rule—that blocks his opportunities.

The certification requirement is not essential to the communications supervisor position. The county has preserved supervisory positions for certified peace officers. The communications department supplies a prime example of an area where requiring certified peace officers to supervise is wholly unrelated to the proper operations of the department. A supervisor essentially takes calls and dispatches officers, just like the civilian employees—including Mathes—do. Relying on experience, the supervisor also directs, assists, and monitors the civilian employees.

The county proffered several experts to explain why communications supervisors need to be capable of firing with both hands or handcuffing prisoners. None of its experts could articulate a legitimate necessity for certification, only bizarre hypothetical field situations. After a hearing on the reliability of the county's experts, their reports were struck as irrelevant, addressing budgeting and policy instead of performance.

Employees in the communications division do not handle prisoners or engage in armed conflicts. The county has said that supervisors need to be police officers to handle potential disturbances in the department. The county admitted that security issues in the communications division are rare, and it could supply only one or two examples requiring force. The communications division, although it is attached to the county jail building, is no more threatened by wayward criminals than any other workplace in Harris County. Obviously, the sheriff's department is among the places with the highest ratios of police officers to civilians.

Mathes has asked the county to waive the certification requirement and consider him for a promotion. His request is logical and reasonable. Because the certification requirement does not rationally relate to the job functions, the county's position denies Mathes equal protection of the laws

and a violates the federal statute about workers with disabilities.

There is no evidence in this case that the county has a particular distaste for people with undeveloped hands specifically or disabilities generally. The real reason for requiring certified supervisors is territorial—to reserve the best jobs for members of the guild. The sheriff's department may classify jobs to serve the self-interest of the managers and only be responsible politically, but in this case the classifications have more than subverted the public interest—they violate the express requirements of federal employment law. Its classification system must meet minimum rationality and adhere to the federal policy of accommodating disabled workers. As the county has applied its rules to Mathes, they violate the Americans with Disabilities Act and the Equal Protection Clause of the Constitution.